No. 3849

Second Circuit

(Second Division)

FULMER v. CREECH

(November 18, 1931. Opinion and Decree.)

Craig, Bolin & Magee, of Shreveport, attorneys for plaintiff, appellant.

C. B. Huson, of Mansfield, attorney ·for defendant, appellee.

STEPHENS, J. The plaintiff, D. T. Fulmer, a merchant, sues the defendant for $35.19 for goods and· merchandise alleged to have been sold and delivered to her personally, and for the further sum of $251.55 for goods and merchandise sold and delivered to the partnership of Myers & Creech, a partnership alleged to have been composed of Hill Myers and the defendant, Mrs. W. H. Creech. It is alleged that the goods and merchandise sold and delivered to Myers & Creech were for the account of the defendant, and that she bound herself to pay for them.

The defendant answered, admitting that she owed the sum of $35.19, representing the balance due on her personal account with the plaintiff, and made a legal tender of said sum, together with costs which had accrued at the time the answer was filed. She denied owing the sum of $251.55 alleged to be due for goods and merchandise sold to Myers. & Creech, and further denied the existence of such a partnership.

A trial of the case resulted in a judgment in favor of plaintiff for the amount tendered, and otherwise rejecting plaintiff's demands at his costs. The plaintiff appealed.

The defendant, Mrs. Creech, lived in Logansport, La., and owned a farm near there. It was equipped with a wagon, plow, tools, and three mules, all of which she owned. During the year 1928 the defendant permitted her son-in-law, Hill Myers, to operate the place. He arranged with another son-in-law of the defendant named Ebard and a son of the defendant named Lamar for each to work one-third of the place, to board with him at the house on the farm, and for each to be responsible to him for one-third of the mule feed· bills.

The agreement between the defendant and Myers seems to have been rather indefinite, as is frequently the case when the element of kinship enters into the consideration of a business transaction. Myers arranged with the plaintiff for the advancing of the necessary supplies for farming operations for "Myers & Creech." At the end of the crop year, there was due the plaintiff the sum of $251.55, and Myers had collected the board and the prorata of the feed bill due by Ebard and Lamar. The record does not disclose how much cotton or other products were produced, or how it was divided, but it does show that Mrs. Creech, the defendant, received nothing for rent.

Hill Myers did not testify in the case. The plaintiff testified that Hill Myers approached him early in the year 1928 and asked him about "running them," and that Myers said he wanted the supplies charged to Myers. & Creech; that he told him that he would do it, and that, some time after Myers. had been buying on the account as thus created, he went to see Mrs. Creech at her house, and told her of the arrangement that Myers had made and asked her if it was satisfactory, and that she said it was.

Mrs. Creech, the defendant, testified that she had never formed a partnership with Myers; that she had never authorized him

to open the account in the name of Myers & Creech; and she denied most emphatically that the plaintiff ever came to her house in his life, or, that she ever heard that it was his intention to hold her responsible for the account until the institution of this suit, which was more than two years after it was opened.

No one testified that they ever heard of the partnership of Myers & Creech before or after the opening of the account, except the father of Myers, who stated that he had seen invoices in the name of Myers & Creech which came from plaintiff's store.

Lamar Creech testified that he had never heard, of such a partnership, and that it was understood that Hill Myers was to pay for supplies for the year's operations.

Clearly, with respect to each other, Hill Myers and the defendant were not partners, as there is no evidence to support the proposition that, as between them, there was a partnership agreement or that there ever existed any intention to form a partnership. The question is whether they held themselves out to the public as partners to the extent that they would become liable as partners with reference to third persons.

The only evidence in the record that the defendant ever heard of the existence of the partnership, and that she acknowledged responsibility for its existence and obligations, was that of plaintiff. The defendant denied, as stated above, that the conversation as testified to by plaintiff occurred.

The burden of proof is on plaintiff to establish his case. The trial judge was of the opinion that he failed to sustain that burden. We entertain the same opinion.

The judgment appealed from is therefore affirmed.